**QUEST CHEMICAL CORPORATION, Petitioner,**

v.

**Bertha ELAM, Respondent.**

No. 94–1310.

Supreme Court of Texas.

May 25, 1995.

Debora Beck McWilliams and Frank L. Hill, Austin, for petitioner.

March H. Coffield, Jasper, Richard O. Faulk, Houston, William B. Coffey, Jr., Beaumont, for respondent.

PER CURIAM.

This case requires us to decide whether the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136 *et seq.* (1988), preempts Bertha Elam's causes of action. Because a majority of the Court holds that it does, we reverse the judgment of a court of appeals, 884 S.W.2d 907, and render judgment that plaintiff take nothing.

Bertha Elam was employed with the City of Beaumont's Parks Division. Her duties included eradicating weeds with Doom Weed Killer ("Doom"), an herbicide manufactured and marketed by Quest Chemical Corpora-

tion ("Quest"). Claiming to have suffered personal injuries resulting from her exposure to Doom, Elam sued Quest for negligence, strict liability, and breach of implied warranty. The trial court rendered summary judgment in favor of Quest, holding that FIFRA preempted Elam's causes of action. The court of appeals affirmed in part, holding that FIFRA preempted Elam's negligence claim. The court went on to conclude that FIFRA did not preempt Elam's causes of action for strict liability and breach of implied warranty, however, and it reversed the summary judgment as to those claims and remanded to the trial court.

■ FIFRA provides a detailed scheme for regulating the content and format of labeling for herbicides and other chemical substances. It requires, among other things, that all herbicides sold in this country be registered with the United States Environmental Protection Agency ("EPA"). *See MacDonald v. Monsanto Co.*, 27 F.3d 1021, 1024 (5th Cir.1994) (discussing the details of FIFRA labeling requirements); *Worm v. American Cyanamid Co.*, 5 F.3d 744, 747 (4th Cir.1993) (reviewing the preemptive scope of FIFRA). FIFRA preempts all common law tort suits against manufacturers of EPA-registered pesticides which are based solely upon claims relating directly or indirectly to labeling. *King v. E.I. Dupont De Nemours & Co.*, 996 F.2d 1346, 1349–50 (1st Cir.), *cert. dism'd,* —— U.S. ——, 114 S.Ct. 490, 126 L.Ed.2d 440 (1993); *Papas v. Upjohn Co.*, 985 F.2d 516, 518 (11th Cir.), *cert. denied sub nom. Papas v. Zoecon Corp.,* —— U.S. ——, 114 S.Ct. 300, 126 L.Ed.2d 248 (1993). *See* 7 U.S.C. § 136v(b). FIFRA does not, however, necessarily preempt state-law claims for strict liability or breach of implied warranty. *See Wisconsin Pub. Intervenor v. Mortier,* 501 U.S. 597, 605–606, 111 S.Ct. 2476, 2482, 115 L.Ed.2d 532 (1991) (holding that FIFRA does not preempt local regulation of pesticide use).

■ Although causes of action for negligent testing, manufacturing, and formulating might escape FIFRA preemption, *Worm,* 5 F.3d at 747, the statute preempts Elam's particular strict liability and breach of implied warranty claims because they are based solely upon Quest's alleged failure to provide

adequate warnings and instructions on its product. *See King,* 996 F.2d at 1349–50; *Papas,* 985 F.2d at 518. In Interrogatory No. 27, Quest asked Elam to state the specific grounds on which she based her strict liability claim. Elam responded that "[t]he product was unreasonably dangerous for the purpose for which it was intended and thereby defective. There was no warning to persons situated such as plaintiff." When asked to detail the acts or omissions that caused or contributed to any other injuries she suffered, Elam responded that Quest "produced a product which was unreasonably dangerous and it injured the plaintiff. In addition, [Quest] failed to warn adequately ... the user of the dangers associated with the product, therefore rendering it further defective. [Quest] should have supplied complete instructions for the safe use of the product, and failed to do so." In Interrogatory No. 8, when asked what specific action each defendant should have taken to cure the allegedly defective and unreasonably dangerous product, Elam responded, "[w]arning." Moreover, in her brief to the court of appeals, Elam never argued that her strict liability or breach of implied warranty claims existed independently from her warning theory. In fact, she stated that "[i]t is respectfully submitted that the trial court's granting summary judgment to [Quest] erroneously denies [Elam] the opportunity to present her case to a jury *to determine the adequacy or inadequacy of [Quest's] warning* and her damages." (emphasis added).

Had Elam asserted factual grounds for her strict liability or breach of implied warranty causes of action other than those relating to inadequate warnings, FIFRA would not preempt her claims. Because she did not, however, the trial court correctly concluded that FIFRA preempts all of her claims.

Accordingly, the application for writ of error is granted. Pursuant to TEX.R.APP.P. 170, and without hearing oral argument, we reverse the judgment of the court of appeals and render judgment that Elam take nothing.