Lewis COLE and Kenneth Cole, d/b/a Cole Farms and Ranch,
Appellants,

v.

CENTRAL VALLEY CHEMICALS, INC., Appellee.

No. 04–98–01084–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 20, 1999.

Rehearing Overruled Nov. 17, 1999.

208

Barry Snell, Bayne, Snell & Krause, L.L.P., San Antonio, for Appellant.

Bruce L. James, Kleberg & Head, P.C., San Antonio, for Appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: KAREN ANGELINI, Justice.

### Nature of the case

Lewis Cole and Kenneth Cole, d/b/a Cole Farms and Ranch (collectively referred to as the "Coles") appeal from a summary judgment granted in favor of Central Valley Chemicals, Inc., ("CVC") a seller, but not a manufacturer, of herbicides. The Coles filed a damages suit in which they alleged violations of the Texas

Deceptive Trade Practices Act ("DTPA") and negligent misrepresentations. The Coles alleged that CVC's salesman, Curtis Lytle, told them that the herbicide, Surpass 100, would provide better weed control and cost less than the herbicides the Coles had used in the past. According to the Coles, they purchased Surpass 100, instead of Lasso and Atrazine, based on Lytle's recommendations. Surpass 100 failed to control the weeds in the Coles's corn crop and, as a result, the corn yield was severely reduced and the Coles suffered a monetary loss.

### Motion for summary judgment

In the motion for summary judgment, CVC alleged three separate grounds. First, CVC argued that the Coles's claims were preempted by the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"). 7 U.S.C.A. § 136 et seq. (1980). Second, CVC alleged that section 17.49 of the DTPA exempted it from liability because the Coles's claims were based upon the rendering of a professional service, the essence of which is the providing of advice, judgment, opinion, or similar professional skill. *See* TEX. BUS. & COM.CODE ANN. § 17.49(c) (Vernon Supp.1999). Third, the CVC raised a no-evidence ground in which they argued that no evidence existed that Surpass 100 caused the weed infestation which in turn caused the low crop yield.

In a motion for summary judgment, the movant has the burden to show that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985). A defendant is entitled to summary judgment when each element of an affirmative defense to plaintiff's cause of action

has been established as a matter of law. *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 27 (Tex.1990) (citing *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex. 1984)). The reviewing court may affirm the granting of the motion for summary judgment on any ground presented by the movant. *See Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 625 (Tex.1996).

### FIFRA

▮ In the first issue, the Coles assert that FIFRA does not preempt their claims. FIFRA regulates the content and format of labeling for herbicides and requires that all herbicides be registered with the Environmental Protection Agency. *See Quest Chemical Corp. v. Elam,* 898 S.W.2d 819, 820 (Tex.1995). FIFRA preempts common law tort suits which are based solely upon claims relating directly or indirectly to labeling. *Id.* FIFRA specifically mandates that "[a] State shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under this subchapter." 7 U.S.C.A. § 136v(b) (Supp.1993). FIFRA does not necessarily preempt state law claims for strict liability or breach of implied warranty. *See Quest,* 898 S.W.2d at 820. Although the plaintiff in *Quest* sued based on negligence and strict liability, the Texas Supreme Court found that the claims were based on a failure to provide adequate warnings and instructions on the label and, therefore, the claims were preempted. *Id.* at 821.[1]

The Coles assert that their claims are not based on the label or its failure to warn, but rather on the failure of the product to perform in accordance with Lytle's representations. The Coles's original petition states:

---

1. Although there are federal cases addressing FIFRA, we do not find the federal cases to be instructive. *See Andrus v. AgrEvo USA Co.,* 178 F.3d 395, 396 (5th Cir.1999)(finding that FIFRA preempts claim that a herbicide failed to perform as specified in its product label); *Kuiper v. American Cyanamid Co.,* 131 F.3d 656, 662–63 (7th Cir.1997) (finding that FI-

FRA preempts off-label statements which merely repeat information contained in the label); *MacDonald v. Monsanto, Co.,* 27 F.3d 1021, 1024 (5th Cir.1994) (holding that FIFRA preempts conflicting state common law claims concerning the improper labeling of herbicides).

During February of 1996, Mr. Curtis Lytle of Central Valley Chemical, Inc. told Lewis Cole that a new product, Surpass 100, would provide much better weed control and would be less expensive than Lasso and Attrezine [sic], products which the Coles had used in the past for weed control.

The Coles assert that the label does not state that Surpass 100 controlled weeds better than Lasso and Atrazine and, therefore, their claims are not based in whole or in part on the label. We agree. Because the Coles's claims are not related directly or indirectly to labeling, we find that FIFRA does not preempt the Coles's claims. Thus, CVC has not established as a matter of law that it is entitled to summary judgment on its affirmative defense of preemption. Accordingly, we sustain the first issue.

## DTPA

■ In the second issue, the Coles argue that their claims are not precluded by the DTPA exclusion of professional services. Section 17.49(c) provides: "Nothing in this subchapter shall apply to a claim for damages based on the rendering of a professional service, the essence of which is the providing of advice, judgment, opinion, or similar professional skill." TEX. BUS. & COM.CODE ANN. § 17.49(c) (Vernon Supp.1999). The exemption does not apply to an express misrepresentation of a material fact that cannot be characterized as advice, judgment, or opinion. *Id.* § 17.49(c)(1). Both parties concede that no case law exists construing section 17.49(c).

CVC contends that the Coles's claims are based on the rendering of a professional service because they sought professional advice from Lytle, an agronomist.[2] The Coles assert that they did not go to CVC to pay for or receive professional services, but rather to buy a herbicide. The Coles argue that construing Lytle's recommendation as a professional service would abolish the DTPA whenever a consumer purchased a product based on the advice of the salesman. In this case, we find that the Coles's claim is not based on the rendering of a professional service but, rather on the purchase of Surpass 100. Thus, section 17.49 of the DTPA does not preclude the Coles's claim and CVC failed to establish as a matter of law that it is entitled to summary judgment on its affirmative defense of exclusion. Accordingly, the summary judgment cannot be upheld on this ground. We sustain the second issue.

## No evidence

■ In the third issue, the Coles assert that the court erred in granting a "no-evidence" summary judgment. CVC asserted that the Coles had no evidence that Surpass 100 caused the weed infestation which in turn reduced the crop yield. Under Rule 166a(i), a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX.R. CIV. P. 166a(i). The trial court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact. *Id.* Upon review of the no-evidence motion, we apply the same legal sufficiency standard of review as applied to a directed verdict. *Moore v. K-Mart Corp.*, 981 S.W.2d 266,

---

2. According to his affidavit, Lytle received a bachelor's of science degree in agronomy. Lytle has been involved in agricultural sales of pesticides, herbicides, and other chemicals for farming operations since 1972. At the time of the sale of Surpass 100 to the Coles, Lytle was employed as the branch manager of CVC. According to his affidavit, Lytle believed that Surpass 100 would save the Coles time and money. Lytle had reviewed literature on Surpass 100 and had received favorable reports from other customers. Further, Lytle was aware that the Texas A & M Agricultural Service had conducted test plots for Surpass 100 and had received favorable results and, Lytle calculated the amounts of herbicide to be used on the Coles's corn crop.

269 (Tex.App.-San Antonio 1998, pet. denied). Thus, we must consider all the record evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered. *Merrell Dow Pharmaceuticals v. Havner,* 953 S.W.2d 706, 711 (Tex.1997), *cert. denied,* 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). A no-evidence summary judgment is properly granted if the respondent fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the respondent's case. *Id.*

■ In its no-evidence motion for summary judgment, CVC asserted that no evidence existed of causation. Section 17.50(a) of the DTPA states that a consumer can maintain an action when a false, misleading or deceptive act or practice is the producing cause of economic damages. TEX. BUS. & COM.CODE ANN. § 17.50(a)(1) (Vernon Supp.1999). Producing cause has been defined as an efficient, exciting or contributing cause, which in a natural sequence, produced damages. *Rourke v. Garza,* 530 S.W.2d 794, 801 (Tex.1975). In order to recover under negligent misrepresentation, the Coles must prove that Lytle's misrepresentation was a proximate cause of their damages. *See Greenstein, Logan & Co. v. Burgess Mktg., Inc.,* 744 S.W.2d 170, 189 (Tex.App.-Waco 1987, writ denied) (finding that negligent misrepresentation must be a proximate cause of damages).

CVC contends that the Coles brought forth no expert testimony claiming that the weed infestation was caused by the failure of Surpass 100 to control weeds which caused the reduction in crop yield. The Coles argue that the affidavit of Lewis Cole provides some evidence of causation. CVC contends that Lewis Cole was not qualified as an expert and even if he were qualified as an expert, his expert testimony was unreliable and irrelevant.

According to his affidavit, Lewis Cole has been growing corn in South Texas since 1971. Lewis Cole stated in his affidavit that Surpass 100 failed to control the weeds in his corn crop and he personally observed the weed infestation. In pertinent part, Cole stated:

> Due to the competition for nutrients and moisture with the weeds, the yield of the corn crop was severely reduced, much less than our average yield and less than our yield in other years of comparable drought conditions as existed in 1996 . . . .

> It is commonly known and recognized among farmers that extensive weed competition causes loss of yield in farm crops. Indeed, this is the very reason why farmers used herbicides to control weeds. It is my opinion based on my 25 years plus of farming experience and my personal observations of our 1996 corn crop that the Surpass 100 did not have the characteristics, uses and benefits which Mr. Lytle told me that it did have. More specifically, it did not provide anywhere near as effective weed control as Lasso and Atrazine had provided for us in past years. As a result of the failure of the product to provide weed control, we sustained losses in yield which I calculated to be approximately $225,000.00 worth of corn, based on the 1996 per bushel price of $4.60.

In his deposition, Lewis Cole testified that he had no background in chemistry. Cole admitted that he had no training in the use of herbicides and had no knowledge of the chemical make-up of any herbicides that he had used.

■ CVC contends that Cole is not qualified to testify as an expert on herbicides. Although Cole has farming experience, CVC argues that he is not qualified to testify with regard to the cause and effect relationship between chemicals and their desired results. The Coles, however, admit that Lewis Cole is not qualified to give a chemical explanation as to why Surpass 100 failed to control weeds, but urge that a chemical explanation is unnecessary.

**212**

The Coles assert that one need not be a chemist to see that a field is choked with weeds and that Lewis Cole possesses specialized knowledge of farming and the fact that weed infestation causes lower crop yields. Further, the Coles assert that Cole was competent to testify that Surpass 100 failed to control weeds as well as Lasso and Atrazine because Cole had used Lasso and Atrazine in the past. Farmers may become expert witnesses in matters within their knowledge. *Walter Baxter Seed Co. v. Rivera*, 677 S.W.2d 241, 244 (Tex.App.-Corpus Christi 1984, writ ref'd n.r.e.). Because Lewis Cole had specialized knowledge of the effectiveness of Lasso and Atrazine and that weeds cause lower crop yields, his affidavit provided more than a scintilla of probative evidence of causation. Thus, the no-evidence summary judgment was improperly granted. We sustain the third issue.[3]

Having found no grounds to sustain the motion for summary judgment, we reverse and remand the summary judgment to the trial court for further proceedings.

---

**3.** We note that, although CVC filed objections in the trial court based on Cole's lack of expert qualifications, the trial court did not specifically rule on those objections. *See Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 409 (Tex.1998) (holding that complaining party must object to reliability of scientific evidence before trial or when evidence is of-fered). CVC contends that *Ellis* does not preclude it from raising the issue of the reliability of Cole's affidavit on appeal because, for a number of reasons, this case is distinguishable from *Ellis*. Because we have found that Cole's affidavit was sufficient, we need not determine the applicability of *Ellis* to this case.