**Gilbert G. GONZALEZ and Consuelo S. Gonzalez, Appellants,**

v.

**TEMPLE–INLAND MORTGAGE CORP., Curt Spicher, and Bankers' Trust Company, Appellees.**

**No. 04–99–00300–CV.**

Court of Appeals of Texas, San Antonio.

Aug. 9, 2000.

Gilbert G. Gonzalez, Consuelo Gonzalez, San Antonio, pro se.

Neil H. Stone, Gendry & Sprague, P.C., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice.

## OPINION

Opinion by: PHIL HARDBERGER, Chief Justice.

Gilbert G. Gonzalez and Consuelo S. Gonzalez (the "Gonzalezes") appeal a "no evidence" summary judgment in favor of Temple–Inland Mortgage Corp. ("Temple–Inland"), Curt Spicher ("Spicher"), and Bankers' Trust Company ("Bankers' Trust"). The Gonzalezes assert twenty-one issues in their brief, including that the trial court erred in granting the summary judgment because they raised genuine issues of material fact with regard to the elements of their causes of action. We affirm the trial court's judgment in part and reverse the trial court's judgment in part.

### BACKGROUND

In December of 1995, the Gonzalezes were notified that their mortgage was "severely past due." The notice stated that the Gonzalezes' October, November, and December payments were past due. The notice further stated that the Gonalezes owed $3,594.08 as of January 1, 1996, and $3,670.53 if received after January 11, 1996.

On January 18, 1996, the Gonzalezes received a notice of acceleration. The notice stated that the amount necessary to cure the default was $5,868.06 as of January 16, 1996. The notice further stated that if the default was not cured within twenty days, Bankers' Trust would accelerate the maturity date of the note and have the Gonzalezes' home sold at a public foreclosure sale.

On February 3, 1996, the Gonzalezes responded to the notice of acceleration. The Gonzalezes asserted that the $5,868.06 amount was incorrect. The Gonzalezes stated that they only owed $3,670.53 and that they intended to pay that amount within the next week. The Gonzalezes requested a correct summary of the payments owed.

On February 9, 1996, the Gonzalezes received notice of acceleration and foreclosure. The notice stated that the property was scheduled for foreclosure on March 5, 1996. By letter dated February 23, 1996, the Gonzalezes paid the $5,868.06 under protest. The Gonzalezes disputed the amount of the delinquency, but they wanted to prevent the foreclosure.

By letter dated February 27, 1996, Bankers' Trust acknowledged the Gonzalezes' payment and stated that the payment had been forwarded to Temple–Inland. The letter stated that Temple–Inland had been requested to research the Gonzalezes' dispute regarding the amount of the delinquency. The letter further stated that the foreclosure process had been stopped.

In July of 1996, the Gonzalezes contacted Temple–Inland. Spicher responded to the Gonzalezes' letter. Spicher enclosed a payment history and asked the Gonzalezes to "shed some further light on this subject as to what exactly is being disputed." Spicher further asked the Gonzalezes how they believed the payment was to be posted.

On April 9, 1997, the Gonzalezes filed suit asserting various causes of action, including violations of the Debt Collection Act, unreasonable and negligent debt collection practices, duress, and violations of the DTPA. On January 29, 1999, the appellees filed a no evidence motion for summary judgment asserting twenty-two grounds for summary judgment. The appellees' motion basically contends that there was no evidence that the appellees misrepresented the amount of the debt due, which was the basis for each of the Gonzalezes' causes of action. In addition, the appellees' motion contends that there was no evidence that their conduct caused the Gonzalezes to suffer mental anguish or actual damages.

The Gonzalezes responded to the appellees' motion contending that there was evidence that the appellees misrepresented the debt due and that the Gonzalezes suf-

fered mental anguish and actual damages. In addition to the demand letters and notices of acceleration and foreclosure, the Gonzalezes attached a copy of an interrogatory answer from Temple–Inland to their response. The interrogatory inquired into the manner in which the $5,868.06 payment was applied. Temple–Inland responded as follows:

Temple–Inland Mortgage Corporation received the $5,868.06 payment on February 29, 1996. On October 16, 1996, the funds were applied as follows:

| | Principal | Interest | Escrow | Total |
|---|---|---|---|---|
| 10/95 payment | $26.39 | $768.23 | —0— | $ 794.62 |
| 11/95 payment | 8.79 | 755.69 | —0— | 764.48 |
| 12/95 payment | 8.90 | 755.58 | —0— | 764.48 |
| 01/96 payment | 9.02 | 755.46 | $273.58 | 1,038.06 |
| 02/96 payment | 9.13 | 755.35 | 273.58 | 1,038.06 |
| 03/96 payment | 9.25 | 755.23 | 273.58 | 1,038.06 |
| Suspense | | | | 430.30 |
| | | | TOTAL | $5,868.06 |

The Gonzalezes also attached affidavits to their response, stating that they sustained damages for mental anguish in that they "personally experienced a substantial disruption in [their] daily routine as a result of mental sensations of painful emotions, in the form of grief, indignation, stress, fear, loss of sleep, depression, and duress."

On April 6, 1999, the trial court granted the appellees' motion and dismissed the Gonzalezes' causes of action. The Gonzalezes appealed.

### STANDARD OF REVIEW

■ A party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Cole v. Central Valley Chemicals, Inc.,* 9 S.W.3d 207, 210 (Tex.App.—San Antonio 1999, pet. denied). The trial court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact. *See Cole,* 9 S.W.3d at 210. In reviewing a no-evidence summary judgment, we apply the same legal sufficiency standard of review as applied to a directed verdict. *See id.* at 210–11. We must consider all the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered. *See id.* at 211. A no-evidence summary judgment is properly granted if the respondent fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the respondent's case. *See id.* More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *See Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997).

### DISCUSSION

■ The notice of acceleration states that the amount necessary to cure the default as of January 16, 1996, was $5,868.06. However, Temple–Inland's interrogatory response shows that a portion of the $5,868.06 was applied to the payments due in February and March of 1996, and that $430.30 was held in "suspense." An inference can be made from the payment application that the notice of acceleration overstated the amount due as of January 16, 1996, particularly when the sum of $430.30 was held in "suspense." Even assuming the defendants were entitled to recover attorneys fees in connection with the default and acceleration of the note, the defendants failed to provide a breakdown showing that the $5,868.06 was properly calculated under the loan documents in response to the Gonzalezes' evidence that the payment was applied to future payments and a portion was held in "suspense." This evidence was sufficient to raise a genuine issue of material fact as to whether the appellees misrepresented the amount of debt due and as to whether the Gonzalezes suffered actual damages. *Cf. General Specialties, Inc. v. Charter Nat'l Bank–Houston,* 687 S.W.2d 772, 774 (Tex. App.—Houston [14th Dist.] 1985, no writ) (ambiguous lump sum figure in suit for collection on note that is unexplained by

other summary judgment proof raises fact issue precluding summary judgment).

With regard to the mental anguish damages, the Gonzalezes were required to introduce evidence of the "nature, duration, and severity of their mental anguish," in order to establish "a substantial disruption in the [Gonzalezes'] daily routine." *Parkway Co. v. Woodruff,* 901 S.W.2d 434, 444 (Tex.1995). The evidence must demonstrate that the Gonzalezes suffered "a high degree of mental pain and distress" that is "more than mere worry, anxiety, vexation, embarrassment, or anger." *Id.* The Gonzalezes state in their affidavits that their daily routine was substantially disrupted as a result of "mental sensations of painful emotions, in the forms of grief, indignation, stress, fear, loss of sleep, depression and duress." However, "[s]imply because a plaintiff says he or she suffered mental anguish does not constitute evidence of the nature, duration, and severity of any mental anguish that is sufficient to show a substantial disruption of one's daily routine." *See Gunn Infiniti, Inc. v. O'Byrne,* 996 S.W.2d 854, 861 (Tex. 1999). Testimony in support of mental anguish damages must provide specific details of the nature, duration and severity of the mental anguish. Conclusory statements are not sufficient. *See Gunn Infiniti, Inc.,* 996 S.W.2d at 861; *see also Ryland Group, Inc. v.. Hood,* 924 S.W.2d 120, 122 (Tex.1996) (conclusory affidavits are not sufficient to raise fact issues). The statements contained in the Gonzalezes' affidavits were too conclusory to raise a genuine issue of material fact as to whether they sustained mental anguish damages.

1. Because it holds the Gonzalezes' affidavits were too conclusory to raise a genuine issue of fact as to whether they sustained mental anguish damages, the majority affirms "[t]he portion of the summary judgment dismissing the Gonzalezes' claim for mental anguish damages ." However, the Gonzalezes did not assert an independent claim for mental anguish damages. Rather, the Gonzalezes' asserted mental anguish damages as an element of recovery under their Texas Debt Collection Act, common law unreasonable debt collection, and DTPA causes of action. Therefore, I

CONCLUSION

The portion of the summary judgment dismissing the Gonzalezes' claim for mental anguish damages is affirmed. The remainder of the judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Dissenting opinion by: SARAH B. DUNCAN, Justice.

DUNCAN, Justice, dissenting.

I respectfully dissent. I would affirm the summary judgment because the Gonzalezes failed to raise an issue of fact with respect to one critical element of each of their causes of action—damages.

The majority holds that Temple–Inland's interrogatory response showing how the Gonzalezes' $5,868.06 payment was applied "was sufficient to raise a genuine issue of material fact ... as to whether the Gonzalezes suffered actual damages." However, the Gonzalezes did not rely on this evidence in responding to the appellees' no evidence motion for summary judgment. Rather, the Gonzalezes' response cites only to their affidavits, which, as the majority correctly holds, are too conclusory to raise a genuine issue of fact on the issue of damages.[1] Because the only evidence to which the Gonzalezes cited is "no evidence" of actual damages, I would affirm the trial court's summary judgment based on the Gonzalezes' failure to raise a genuine issue of material fact on the element of damages.[2] I would not consider evidence

must disagree with the majority to the extent it attempts to affirm a summary judgment on an element of damages. *See Motel 6 G.P., Inc. v. Lopez,* 929 S.W.2d 1, 3 (Tex.1996).

2. It should also be noted that the Gonzalezes have failed to point to Temple–Inland's interrogatory response on appeal as evidence of damages. *See* Tex. R. App. P. 38.1(h); *Flume v. State Bar of Texas,* 974 S.W.2d 55, 62 (Tex. App.—San Antonio 1998, no pet.) ("[T]he burden is on appellant to demonstrate the record supports her contentions and to make

the Gonzalezes did not cite, *i.e.*, Temple–Inland's interrogatory response. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); Tex. R. Civ. P. 166a(i) cmt. ("To defeat a motion made under paragraph (i), the respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements."); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341–42 (Tex.1993); *Weiss v. Mechanical Associated Servs. Inc.*, 989 S.W.2d 120, 123–24 (Tex.App.—San Antonio 1999, pet. denied)

I also disagree with the majority's holding that there is some evidence the *appellees* misrepresented the amount of debt due. The December 1995 statement notifying the Gonzalezes they were past due on their mortgage was sent by Temple–Inland's predecessor, Lomas Mortgage USA. And the January 18, 1996 notice of acceleration stating that the amount necessary to cure the default was $5868.06 was sent by the attorney for Bankers Trust Company, Max Wernick. Neither suggests either Temple–Inland or Curt Spicher was involved in demanding or collecting the $5868.06 payment. Nor does any other record evidence.

Finally, I am perplexed by the majority's holding to the extent it purports to address all of the grounds for summary judgment. The appellees attacked elements of each of the Gonzalezes' causes of action under articles 5069–11.02(c), 5069–11.02(h), 5069–11.04(b), and 5069–11.05(g) of the Texas Debt Collection Act, the common law on unreasonable debt collection, and sections 17.46(b)(12) and 17.50(a)(3) of the Texas Deceptive Trade Practices Act. The majority analyzes the evidence supporting only two of the attacked elements: (1) whether Temple–Inland misrepresented the amount due and (2) whether the

Gonzalezes suffered damages. Yet, the appellees attacked the Gonzalezes' causes of action under Texas Debt Collection Act articles 11.02(c) and 11.04(b) and DTPA section 17.50(a)(3) on elements distinct from those addressed by the majority. Before the majority can remand all of the Gonzalezes causes of action, it must determine there is some evidence to support each of the elements attacked in the appellees' motion for summary judgment. *See* Tex. R. Civ. P. 166a(i); *Weiner v. Wasson,* 900 S.W.2d 316, 317 n. 2 (Tex.1995).

For these reasons, I must dissent from the majority's judgment.

accurate references to the record to support her complaints on appeal.") (citing *Casteel–*

*Diebolt v. Diebolt,* 912 S.W.2d 302, 305 (Tex. App.—Houston [14th Dist.] 1995, no writ)).