**The DOW CHEMICAL COMPANY, Dowelanco a/k/a Dow Agrosciences LLC, Eli Lilly & Co., Rofan Services Inc., and Epco, Inc., Appellants–Defendants,**

**Louisville Chemical Co., Inc., Appellant–Defendant,**

**Affordable Pest Control, Inc., Appellant–Defendant,**

**v.**

**Todd EBLING and Cynthia Ebling, individually and as Husband and Wife, and as Parents of Christina Ebling and Alex Ebling, Appellees–Plaintiffs.**

No. 22S05–0008–CV–481.

Supreme Court of Indiana.

Aug. 23, 2001.

Stanley C. Fickle, Robert D. MacGill, Dean T. Barnhard, Joseph G. Eaton, William E. Padgett, Barnes & Thornburg, Indianapolis, IN, Richard Mullineaux, Kightlinger & Gray, LLP, New Albany, IN, Janet Barbre Norton, Dow Agrosciences LLC, Indianapolis, IN, Attorneys for Appellant Dow Chemical Co.

Gene F. Zipperle, Jr., Crafton, Martin & Zipperle, Louisville, KY, Attorney for Appellant Affordable Pest Control.

John W. Bilby, Henry S. Alford, Middleton & Reutlinger, Jeffersonville, IN, Attorneys for Appellant Louisville Chemical Co.

Roger L. Pardieck, Karen M. Davis, Pardieck & Gill, Seymour, IN, John Vargo, Janet O. Vargo, Pardieck & Gill, Carmel, IN, Attorneys for Appellees.

ON PETITION TO TRANSFER

DICKSON, Justice.

In this interlocutory appeal, defendants Dow Chemical Company, Dowelanco n/k/a Dow Agrosciences LLC, Eli Lilly & Company, Rofan Services, Inc., and Epco, Inc. (herein collectively referred to as Dow); Louisville Chemical Company, Inc. (LCC); and Affordable Pest Control, Inc. (Affordable); challenged the denial of their motions for summary judgment in a damage action brought by plaintiffs Todd and Cynthia Ebling alleging that their children were injured as a result of exposure to pesticides manufactured and applied by the defendants. Finding primarily that the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA) [1] preempted the plaintiffs' claims based on failure to warn and failure to disseminate information to commercial applicators for distribution directly to the persons whose residences are to be sprayed, the Court of Appeals concluded that the defendants were entitled to summary judgment as to some, but not all, of the plaintiffs' claims against each defendant. *Dow Chemical Co. v. Ebling*, 723 N.E.2d 881 (Ind.Ct.App.2000). In response to the plaintiffs' request for our review of the FIFRA preemption issue, we granted transfer and hold that FIFRA does not preempt the plaintiffs' failure to warn claims against Affordable. In all other respects, we summarily affirm the

---

1. 7 U.S.C. §§ 136 et seq.

Court of Appeals.[2]

The plaintiffs contend that their two young children experienced respiratory disorders, developmental delays, brain damage, and seizure disorders as a result of being repeatedly exposed to Dursban 2E and Creal–O when their apartment was regularly sprayed over an eleven-month period without being warned of the dangers surrounding the exposure to these pesticides. A more detailed description of the facts may be found in the opinion of the Court of Appeals. *Id.* at 889–90.

Affordable acknowledges that the plaintiffs alleged various theories of recovery including failure to warn, strict liability, negligence, and willful/wanton misconduct. Br. of Appellant Affordable Pest Control, Inc. at 2. Requesting judgment in its favor as a matter of law as to each of these claims, Affordable filed a motion for summary judgment, which was denied by the trial court. Upon Affordable's interlocutory appeal from the denial of its motion for summary judgment, the Court of Appeals concluded that preemption by FIFRA precluded plaintiffs' claim that Affordable had an obligation to warn them of the potential adverse effects of Dursban. The court further held that, because the transaction was predominately for the sale of a service rather than a product, Affordable was entitled to summary judgment on the plaintiffs' claims for strict liability under both the Indiana Products Liability Act and common law strict liability for ultra-hazardous activity. The Court of Appeals held, however, that summary judgment was properly denied on the plaintiffs'

negligence claim against Affordable because genuine issues of material fact existed regarding whether Affordable breached its duty of reasonable care by applying an excessive amount or concentration, by failing to properly ventilate the plaintiffs' apartment, and by spraying Dursban in an area near the children's clothes and toys. The court also affirmed the denial of summary judgment as to the plaintiffs' request for punitive damages against Affordable. On transfer, the plaintiffs challenge only the FIFRA preemption issue. The plaintiffs urge that FIFRA does not preempt their state common law cause of action asserting that Affordable's duty of reasonable care included an obligation to provide them with the information contained in the EPA-approved Dursban label.

As to its appellate claim of FIFRA preemption, Affordable argues that the principles of preemption for failure to warn claims apply to pest control applicators "just as they do to manufacturers." Br. of Appellant, Affordable Pest Control, Inc. at 10. Support for this position is found in *Hottinger v. Trugreen Corp.*, 665 N.E.2d 593 (Ind.Ct.App.1996), *trans. denied,* which affirmed partial summary judgment in favor of a lawn care company that had applied a chemical subject to FIFRA. In *Hottinger,* the Court of Appeals summarily concluded that "FIFRA preempts state common law strict liability and negligence claims for defective warnings or the failure to warn of hazards associated with the products subject to regulation under the Act." *Id.* at 598. We did not review this conclusion.[3]

---

**2.** Former Ind.Appellate Rule 11(B)(3). Because this appeal was initiated before the effective date of the new rules, January 1, 2001, the former rule applies. This rule is now Rule 58(A).

**3.** Although finding FIFRA preemption applicable to some of Hottinger's claims, the court

held that erroneous exclusion of expert opinion evidence required reversal of the summary judgment as to the remaining claims. Transfer to this Court was sought only by appellee Trugreen, whose petition to transfer was denied. To the extent that *Hottinger v. Trugreen Corp.* is inconsistent with our opinion herein, it is overruled.

It has been settled since *M'Culloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 427, 4 L.Ed. 579 (1819), that state law that conflicts with federal law is "without effect." *Maryland v. Louisiana*, 451 U.S. 725, 746, 101 S.Ct. 2114, 2129, 68 L.Ed.2d 576 (1981). However, as the United States Supreme Court has explained:

> [B]ecause the States are independent sovereigns in our federal system, we have long presumed that Congress does not cavalierly pre-empt state-law causes of action. In all pre-emption cases, and particularly in those in which Congress has "legislated ... in a field which the States have traditionally occupied," *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947), we "start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Ibid.; Hillsborough Cty.*, 471 U.S. at 715–716, 105 S.Ct. at 2371; *cf. Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 22, 107 S.Ct. 2211, 2223, 96 L.Ed.2d 1 (1987).

*Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485, 116 S.Ct. 2240, 2250, 135 L.Ed.2d 700, 715 (1996). This presumption against preemption is especially weighty in an area of traditional state responsibility such as health and safety, the area involved in this case. *See id.*

The reach of federal preemption was increased with the Supreme Court's decision in *Geier v. American Honda Motor Co.*, 529 U.S. 861, 120 S.Ct. 1913, 146 L.Ed.2d 914 (2000). Before *Geier*, if a federal law had an express preemption clause, the reach of the preemption was limited to the domain expressly preempted. *Medtronic*, 518 U.S. at 485, 116 S.Ct. at 2250, 135 L.Ed.2d at 715. *Geier* held that even though a state law is not within the domain expressly preempted, the state law may yet be preempted if it frustrates the purpose of the federal law or makes compliance with both impossible. 529 U.S. at 870, 120 S.Ct. at 1919, 146 L.Ed.2d at 924. A federal statute may now preempt state law "by express language in a congressional enactment, *see, e.g., Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 517, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992), by implication from the depth and breadth of a congressional scheme that occupies the legislative field, *see, e.g., Fidelity Fed. Sav. & Loan Assn. v. De la Cuesta*, 458 U.S. 141, 153, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982), or by implication because of a conflict with a congressional enactment, *see, e.g., Geier v. American Honda Motor Co.*, 529 U.S. 861, 869–874, 120 S.Ct. 1913, 146 L.Ed.2d 914 (2000)." *Lorillard Tobacco Co. v. Reilly*, 533 U.S. ——, 121 S.Ct. 2404, 2414, 150 L.Ed.2d 532, 550 (2001).

The United States Supreme Court has considered a FIFRA preemption claim in only one case. In *Wisconsin Public Intervenor v. Mortier*, 501 U.S. 597, 111 S.Ct. 2476, 115 L.Ed.2d 532 (1991), it declined to extend FIFRA preemption to preclude local regulations requiring a pesticide applicator to give notice of pesticide use and of any label information prescribing a safe reentry time, and imposing fines in the event of violations. After finding that preemption was not required by either the language of FIFRA or its legislative history, the Court also determined that there was no implied field preemption and no actual conflict between FIFRA and the local ordinance. The Court concluded by holding that FIFRA did not preempt the local governmental regulation of pesticide use. *Id.* at 616, 111 S.Ct. at 2487, 115 L.Ed.2d at 550. *Mortier* did not, however, involve an alleged preemption of state tort law, and it predated the expansion of federal preemption principles in *Geier* and *Lorillard*.

██ In determining the pre-emptive effect of a federal statutory provision, "[c]ongressional purpose is the 'ultimate touchstone' of our inquiry." *Lorillard,* 533 U.S. at ——, 121 S.Ct. at 2414, 150 L.Ed.2d at 550. Both the language of the preemption statute and the statutory framework surrounding it provide the primary basis for determining Congress's intent. *Medtronic,* 518 U.S. at 486, 116 S.Ct. at 2250–51, 135 L.Ed.2d at 716. The history of FIFRA provides insight into the structure and purpose of the statute as a whole:

> FIFRA was enacted in 1947 to replace the Federal Government's first effort at pesticide regulation, the Insecticide Act of 1910, 36 Stat. 331. 61 Stat. 163. Like its predecessor, FIFRA as originally adopted "was primarily a licensing and labeling statute." *Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 991, 104 S.Ct. 2862, 81 L.Ed.2d 815 (1984). In 1972, growing environmental and safety concerns led Congress to undertake a comprehensive revision of FIFRA through the Federal Environmental Pesticide Control Act. 86 Stat. 973. The 1972 amendments significantly strengthened FIFRA's registration and labeling standards. 7 U.S.C. [§ ]136a. To help make certain that pesticides would be applied in accordance with these standards, the revisions further insured that FIFRA "regulated the use, as well as the sale and labeling, of pesticides; reg-

> ulated pesticides produced and sold in both intrastate and interstate commerce; [and] provided for review, cancellation, and suspension of registration." *Ruckelshaus, supra,* at 991–992, 104 S.Ct. at 2867. An additional change was the grant of increased enforcement authority to the Environmental Protection Agency (EPA), which had been charged with federal oversight of pesticides since 1970. *See* Reorganization Plan No. 3 of 1970, 35 Fed.Reg. 15623 (1970), 5 U.S.C.App. p. 1343. In this fashion, the 1972 amendments "transformed FIFRA from a labeling law into a comprehensive regulatory statute." 467 U.S. at 991, 104 S.Ct. at 2867.

*Mortier,* 501 U.S. at 601, 111 S.Ct. at 2479–80, 115 L.Ed.2d at 540. In regard to labeling, FIFRA, in an attempt to ensure some uniformity, contains an explicit preemption provision that prevents a state from "impos[ing] or continu[ing] in effect any requirements for labeling or packaging in addition to or different from those required under this Act [7 U.S.C. §§ 136 et seq.]." 7 U.S.C. § 136v(b). As an initial matter, we note agreement among a majority of jurisdictions that the phrase "any requirements" in this provision is sufficiently expansive to include both positive enactments of state law-making bodies and common law duties enforced in actions for damages.[4]

---

4. This conclusion derives from the analogous language found in the cigarette labeling act construed to include both positive and common law in *Cipollone v. Liggett Group, Inc.,* 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992). A majority of jurisdictions have found "any requirements" includes common law actions. *See, e.g., Andrus v. AgrEvo USA Co.,* 178 F.3d 395, 398 (5th Cir.1999); *Kuiper v. American Cyanamid Co.,* 131 F.3d 656, 662 (7th Cir.1997); *Grenier v. Vermont Log Buildings, Inc.,* 96 F.3d 559, 563 (1st Cir.1996); *Taylor AG Industries v. Pure–Gro,* 54 F.3d 555, 559 (9th Cir.1995); *Etcheverry v. Tri–Ag Service, Inc.,* 22 Cal.4th 316, 93 Cal.Rptr.2d 36, 993 P.2d 366, 367–376 (2000); *Banks v. ICI Americas, Inc.,* 264 Ga. 732, 450 S.E.2d 671, 676 (1994); *Schuver v. E.I. Du Pont de Nemours & Co.,* 546 N.W.2d 610, 613 (Iowa 1996); *Jenkins v. Amchem Products, Inc.,* 256 Kan. 602, 886 P.2d 869, 880 (1994); *Hopkins v. American Cyanamid Co.,* 666 So.2d 615, 622 (La.1996); *Hochberg v. Zoecon Corp.,* 421 Mass. 456, 657 N.E.2d 1263, 1266 (1995); *Ackles v. Luttrell,* 252 Neb. 273, 561 N.W.2d 573, 576–80 (1997); *Lewis v. American Cyan-

■ FIFRA requires all pesticides sold or distributed to be registered with the Environmental Protection Agency (EPA). 7 U.S.C. § 136a(a). To register a pesticide, the manufacturer must file information including a copy of the label, complete formula, directions for use, the purpose of the pesticide, and, upon request, test descriptions and results. 7 U.S.C. § 136a(c). Then the EPA Administrator shall register the pesticide if the proper requirements are met, which include an approval of the proposed label.[5] 7 U.S.C. § 136a(c)(5). FIFRA prohibits the sale or distribution of pesticides that are misbranded. 7 U.S.C. § 136j(a)(1)(F). A pesticide with a deficient label is misbranded. *See* 7 U.S.C. § 136(q). While FIFRA requires pesticide manufacturers to affix an approved label to their product in order to sell it, applicators, either commercial or private, are not required to label anything but, as with members of the general public, applicators are prohibited from detaching, altering, defacing or destroying the label affixed to the pesticide by the manufacturer. 7 U.S.C. § 136j(2). The law is fairly settled that when a pesticide *manufacturer* "places EPA-approved warnings on the label and packaging of its products, its duty to warn is satisfied, and the adequate warning issue ends." *Papas v. Upjohn Co.*, 985 F.2d 516, 519 (11th Cir.1993). Because of the absence of an affirmative FI-FRA labeling requirement for *applicators,* however, we find that the alleged state tort law duty imposed upon applicators to convey the information in the EPA-approved warnings to persons placed at risk does not constitute a requirement additional to or different from those imposed by FI-FRA.

We acknowledge that some courts, as cited by Affordable, have concluded generally that duty to warn claims against applicators are preempted by FIFRA. *See, e.g., Hottinger v. Trugreen Corp.,* 665 N.E.2d 593 (Ind.Ct.App.1996), *trans. denied; Wadlington v. Miles, Inc.,* 922 S.W.2d 520 (Tenn.Ct.App.1995), *appeal denied; Bingham v. Terminix,* 896 F.Supp. 642 (S.D.Miss.1995). Because these cases do not specifically consider the distinctions between pesticide manufacturers and applicators, we conclude that their findings of preemption are not persuasive as to the present claims against Affordable. This result is consistent with the United States Supreme Court's finding in *Mortier* of no FIFRA preemption of a local ordinance requiring an applicator of pesticides to notify and inform persons who might come into contact with the pesticide after application. 501 U.S. at 606, 111 S.Ct. at 2487, 115 L.Ed.2d at 550.

■ We also conclude that the plaintiffs' duty to warn claims against Affordable are not subject to field preemption by implica-

---

*amid Co.,* 155 N.J. 544, 715 A.2d 967, 973 (1998); *Wadlington v. Miles, Inc.,* 922 S.W.2d 520, 524 (Tenn.Ct.App.1995); *Eide v. E.I. Du Pont De Nemours & Co.,* 542 N.W.2d 769, 771–72 (S.D.1996); *Quest Chem. Corp. v. Elam,* 898 S.W.2d 819, 820 (Tex.1995); *Hue v. Farmboy Spray Co.,* 127 Wash.2d 67, 896 P.2d 682, 691 (1995); *Gorton v. American Cyanamid Co.,* 194 Wis.2d 203, 533 N.W.2d 746, 753 (1995). *But see, Nathan Kimmel, Inc. v. Dowelanco,* 255 F.3d 1196 (9th Cir.2001)(suggesting that due to recent developments court may revisit meaning of "requirements"); *Sleath v. West Mont Home Health Services, Inc.,* 16 P.3d 1042, 1053

(Mont.2000)(holding common law causes of action based on failure to warn not preempted because preemption provision in FIFRA only applies to positive law); *Brown v. Chas. H. Lilly Co.,* 161 Or.App. 402, 985 P.2d 846, 853 (1999)(finding no congressional intent to preempt through FIFRA common law claims).

**5.** The labeling must conform to federal rules concerning type, size, and placement on the product package. *See generally* 40 C.F.R. § 156 (2000).

tion from the depth and breadth of the statutory scheme. FIFRA specifically provides for regulation of pesticides by states, 7 U.S.C. § 136v(a), and the United States Supreme Court held in *Mortier* that FIFRA "leaves ample room for States and localities to supplement federal efforts even absent the express regulatory authorization of 136v(a).[6]" 501 U.S. at 613, 111 S.Ct. at 2486, 115 L.Ed.2d at 549. As noted above, in *Mortier* the United States Supreme Court declined to extend FIFRA preemption to preclude local regulations requiring a pesticide applicator to give notice of pesticide use and of any label information prescribing a safe reentry time and imposing fines in the event of violations. After finding that preemption was not required by either the language of FIFRA or its legislative history, the Court also determined that there is no implied field preemption and no actual conflict between FIFRA and the local ordinance. The Court concluded by holding that FIFRA did not preempt the local governmental regulation of pesticide use. *Id.* at 616, 111 S.Ct. at 2487, 115 L.Ed2d at 550. From *Mortier*, we discern that, like a state or local regulatory scheme that requires permits and notice to the non-user consumer/bystander and imposes penalties, the imposition of a duty to warn on applicators is not preempted by FIFRA.

We finally consider whether permitting a state tort claim based on Affordable's alleged failure to communicate label information to persons placed at risk frustrates the purpose of FIFRA or renders compliance with both state and federal law impossible, thereby favoring preemption under the principles of *Geier* and *Lorillard*. The Court in *Mortier*, in finding no actual conflict between FIFRA and a local use ordinance, stated: "[L]ocal use permit regulations—unlike labeling or certification—do not fall within an area that FIFRA's 'program' preempts or even plainly addresses." *Id.* at 615, 111 S.Ct. at 2487, 115 L.Ed.2d at 549. Rather than conflicting with or frustrating the purposes of FIFRA, the opposite is true. The plaintiffs' claim that Affordable should have communicated the label information is entirely consistent with the objectives of FIFRA. The use of state tort law to further the dissemination of label information to persons at risk clearly facilitates rather than frustrates the objectives of FIFRA and does not burden Affordable's compliance with FIFRA.

We hold that FIFRA preemption does not apply to preclude the plaintiffs' action against Affordable for its failure to warn the plaintiffs by providing them with the FDA-approved label warning information. The trial court is affirmed in its denial of summary judgment to Affordable on preemption. In all other respects, the opinion of the Court of Appeals is summarily affirmed, and this cause is remanded to the trial court for further proceedings accordingly.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.

---

**6.** 7 U.S.C. § 136v(a) states: "A State may regulate the sale or use of any federally registered pesticide or device in the State, but only if and to the extent the regulation does not permit any sale or use prohibited by this Act [7 U.S.C. §§ 136 et seq.]."