Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 20 2012, 9:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STEVEN KNECHT**
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY LEE LETURGEZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1112-CR-1105 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Les A. Meade, Judge
Cause No. 79D05-1106-CM-580

**July 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Anthony L. Leturgez appeals his conviction of battery, a Class B misdemeanor.[1] Leturgez argues there was insufficient evidence to support his conviction. We affirm.

## FACTS AND PROCEDURAL HISTORY

On June 29, 2011, during her lunch break, Mary Becklehymer took a walk on the Wabash Heritage Trail in West Lafayette, Indiana. As Becklehymer walked along the trail, she encountered Leturgez for the first time. She said "hello" and continued to walk the opposite direction down the trail. (Tr. at 8.) Becklehymer walked for a while and, after turning around to head back to work, she encountered Leturgez again. Leturgez asked Becklehymer if she had a couple of minutes and she responded that she did not because she had to return to work. Leturgez again asked her if she had a minute. Becklehymer repeated that she did not have any time and turned to walk away. Leturgez grabbed her from behind, placing his hands on her waist and upper legs, which were covered by her sweater. Becklehymer ran away and called police.

The State charged Leturgez with one count of Class B misdemeanor battery. The trial court conducted a bench trial on October 20, 2011, and found Leturgez guilty. Leturgez was sentenced to 180 days in jail and was fined $100, all of which was suspended provided he complete one year of unsupervised probation.

## DISCUSSION AND DECISION

When reviewing sufficiency of evidence, we neither reweigh the evidence nor judge the credibility of the witnesses, and we respect the factfinder's "exclusive province

---

[1] Ind. Code 35-42-3-1(a).

2

to weigh conflicting evidence." *Alkhalidi v. State*, 753 N.E.2d 635, 627 (Ind. 2001). We "consider only the probative evidence and reasonable inferences supporting the verdict." *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *Tobar v. State*, 740 N.E.2d 109, 112 (Ind. 2000).

The State had to prove Leturgez knowingly or intentionally touched Becklemeyer in a rude, insolent, or angry manner. Ind. Code §35-42-2-1(a). We affirm a conviction of battery so long as there is evidence of touching, however slight. *Mishler v. State*, 660 N.E.2d 343, 348 (Ind. Ct. App. 1996). A person can commit battery by touching another's apparel. *Impson v. State*, 721 N.E.2d 1275, 1285 (Ind. Ct. App. 2000).

Leturgez claims the State's evidence was insufficient because Beckelhymer was the only witness. However, a conviction may be sustained based on the uncorroborated testimony of the victim. *Ferrell v. State*, 565 N.E.2d 1070, 1072-73 (Ind. 1991). At the end of the trial, the judge explicitly stated, "I find Beckelhymer more credible." (Tr. at 32.) Based on her testimony that Leturgez grabbed her waist and upper legs, it was reasonable for the trial court to find beyond a reasonable doubt that Leturgez committed battery. Therefore, we affirm.

Affirmed.

FRIEDLANDER, J., and BARNES, J., concur.